UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CAIN and SARAH CAIN, ) | |
| ) | Notice of Removal from the Circuit |
| ) | Court of Cook County, Illinois |
| Plaintiffs ) | |
| v. ) | |
| ) | Case No.: 2022 L 006565 |
| TOTAL QUALITY LOGISTICS, LLC, et al., ) | |
| ) | |
| Defendants ) | |

**DEFENDANT TOTAL QUALITY LOGISTIC'S NOTICE OF REMOVAL**

To: The Honorable Judges of the          Mathew T. Siporin
    United States District Court          Pullano & Siporin
    For the Northern District of Illinois  1 East Upper Wacker Drive, Suite 510
    Eastern Division                      Chicago, IL 60601
    219 South Dearborn Street             mts@pullanolaw.com
    Chicago, IL 60604                     Attorney for Plaintiffs

    Scott D. Stephenson
    Litchfield Cavo LLP
    303 W. Madison St., Suite 300
    Chicago, IL 60606
    (312) 781-6670
    Stephenson@litchfieldcavo.com
    Attorney for Edsal Manufacturing
    Company, Inc

PLEASE TAKE NOTICE that Defendant, TOTAL QUALITY LOGISTICS, LLC ("TQL"), hereby removes the above captioned action from the Circuit Court of Cook County, Illinois, Case No.: 2022 L 006565, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§1331 and 1441 on the basis of federal question jurisdiction. As grounds for removal, Defendants state as follows:

**INTRODUCTION**

1. This personal injury action involves a substantial question of federal law – the Federal Aviation Administration Authorization Act ("FAAAA"). The matter is removable

pursuant to the complete preemption doctrine as Plaintiffs' state law action against TQL is preempted by the FAAAA.

2. This suit arises after one of the Plaintiffs allegedly sustained injuries when attempting to unload freight from a tractor-trailer. Plaintiffs named TQL – the removing Defendant – when they amended their original Complaint to name sixteen (16) new Defendants. TQL is a freight broker and exclusively provides freight broker-related services. For that reason, TQL is exempt from state law liability pursuant to FAAAA preemption.

3. Nevertheless, Plaintiffs named TQL as a Defendant in their Amended Complaint despite having the explicit knowledge of the exclusive services that TQL provides. In doing so, Plaintiffs failed to recognize TQL as a broker and asserted conclusory allegations against TQL that are completely unrelated to the freight broker services it provides. Plaintiffs framed their allegations in such a manner to avoid application of the FAAAA preemption, and in turn, removal. Plaintiffs' artful pleading shall not stand. Removal here is warranted.

## BACKGROUND

4. Plaintiffs, Michael Cain ("Michael") and Sarah Cain ("Sarah") (collectively, "Plaintiffs") initiated the above referenced state court action by filing their Complaint in the Circuit Court of Cook County on July 22, 2022, a copy of which is attached hereto as **Exhibit A**. Michael allegedly sustained injuries when an unsecure load of freight fell on him while attempting to unload it. *Id.* at ¶ 11. Plaintiffs originally alleged counts of negligence and loss of consortium against the entity that loaded the freight – Defendant Edsal Manufacturing Company, Inc. ("Edsal"). *Id.* at ¶ 5.

5. Before Edsal appeared, Plaintiffs filed an Emergency Motion to Expedite Discovery for purposes of discovering additional defendants to be named before the upcoming

statute of limitations deadline. A copy of Plaintiffs' Emergency Motion to Expedite discovery is attached hereto as **Exhibit B**.

6. As part of their search, Plaintiffs propounded a subpoena on TQL, a copy of which is attached hereto as **Exhibit C**. Plaintiffs sought documentation and the identification of carriers related to the subject load. *Id.* On October 26, 2022, TQL responded to Plaintiffs' document subpoena with, among other things, a sworn affidavit from TQL's Branch Team Leader – Eric Jones, a copy of said Affidavit is attached hereto as **Exhibit D**. In his affidavit, Mr. Jones specifically advised that TQL was a freight broker, and that any involvement, if at all, by TQL with regard to Plaintiffs' claim was strictly limited to broker services.

7. Nevertheless, on October 31, 2022, Plaintiffs filed their First Amended Complaint at Law naming sixteen (16) additional defendants, one of which being TQL. A copy of Plaintiffs' First Amended Complaint is attached hereto as **Exhibit E**.

## GROUNDS FOR REMOVAL

8. Here, removal is proper based on federal question jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(c). "One category of cases of which district courts have original jurisdiction is [f]ederal question cases: cases arising under the Constitution, laws, or treaties of the United States." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); 28 U.S.C. § 1331;

9. Ordinarily, the existence of federal question jurisdiction turns on the "well-pleaded complaint" rule. *Aetna Health Inc.*, 542 U.S. at 207. That is "federal question jurisdiction exists

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." "*Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

10. However, there is an exception to the general rule. *Aetna Health Inc.*, 542 U.S. at 207. Removal is appropriate where a federal law completely preempts a plaintiff's state law claim. *Id.* at 207-208. Federal courts have extended this exception and allowed removal where a plaintiff's claim is preempted by the Federal Aviation Administration Authorization Act. *Gillum v. High Standard, LLC*, Civil Action No. SA-19-CV-1378-XR, 2020 U.S. Dist. LEXIS 14820, at *17 (W.D. Tex. Jan. 27, 2020).

11. As discussed below, Plaintiffs' claim against TQL is preempted by the Federal Aviation Administration Authorization Act, and thus, removal is proper.

## FAAAA PREEMPTION

12. In 1994, Congress enacted the Federal Aviation Administration Authorization Act ("FAAAA"). Among other things, the FAAAA provides that a state may not enforce any law that relates to the services of a freight broker. 49 U.S.C. § 14501(c)(1). Over the years since the enactment of the FAAAA, many courts have examined section 14501(c)(1) for the purpose of interpreting its preemptive scope.

13. While the district courts are somewhat divided on the issue of FAAAA preemption, the general consensus is that the FAAAA's preemptive scope is broad and includes state law negligence actions that are related to the services of freight brokers. *Ying Ye v. Global Sunrise, Inc.*, No. 1:18-CV-01961, 2020 U.S. Dist. LEXIS 37142, at *5, 6 (N.D. Ill. Mar. 4, 2020); *Volkova v. C.H. Robinson Co.*, No. 16 C 1883, 2018 U.S. Dist. LEXIS 19877, at *12 (N.D. Ill. Feb. 7, 2018); *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025 (9th Cir. 2020); *Gauthier v. Hard To Stop LLC*, No. 6:20-cv-93, 2022 U.S. Dist. LEXIS 20564, at *1 (S.D. Ga. Feb. 4, 2022).

14. Here, Plaintiffs' state law negligence action against TQL falls within the FAAAA's preemptive scope. TQL is a freight broker and only provides freight broker services. *See* **Ex. D**. TQL's only involvement in this lawsuit, if any, relates solely to its services as a broker. *Id.* Under those circumstances, the FAAAA preemption applies and removal is warranted.

15. However, it must be acknowledged that those facts do not appear on the face of Plaintiffs' Amended Complaint. Even though Plaintiffs had the explicit knowledge that TQL was a freight broker, they failed to allege any facts that relate to TQL's broker services. Perhaps, this was an oversight. But more than likely, this was done intentionally to avoid the application of the FAAAA preemption. Regardless, removal is still warranted.

16. Removal is still proper even when no federal questions appear on the face of a plaintiff's complaint. *Rivet*, 522 U.S. at 475. This is referred to as the "artful pleading" rule. *Id.* The rule is based on the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.* That is exactly what Plaintiffs have done here. Plaintiffs failed to recognize TQL as a freight broker to avoid FAAAA preemption, and in turn, removal. As such, removal is warranted pursuant to the artful pleading rule.

17. Procedurally, Defendants' Notice of Removal is proper. It is timely. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based. 28 U.S.C. § 1446(b)(1). Here, the removing Defendants received a copy of Plaintiffs' complaint on December 21, 2022. *See* **Ex. E**.

18. In accordance with 28 U.S.C. §1447(b), there are attached to this Notice of Removal true and accurate copies of all pleadings and process served upon the Defendant by the Plaintiff in this cause, attached as **Group Exhibit F**.

19. Defendants will serve a copy of this Notice of Removal on all Counsels that have appeared and also file a copy with the Clerk of the Circuit Court of Cook County, Illinois, promptly after filing with this Court.

20. Finally, the only Co-Defendant that has been properly joined and served according to the docket sheet, Edsal, expressly consents to this removal. A copy of Edsal's Notice of Consent to Removal is attached hereto as **Exhibit G**.

WHEREFORE, Defendant, TOTAL QUALITY LOGISTICS, LLC., hereby removes the above-described state court proceeding into and under the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, and requests such other relief as the Court deems just and proper.

Respectfully submitted,

JOHNSON & BELL, LTD.

*/s/ Nicholas A. Sandowski*
Attorney for Defendant

Gregory D. Conforti (ARDC #6198784)
Julie J. Busch (ARDC #6311010)
Nicholas A. Sandowski (ARDC #6339625)
Johnson & Bell, Ltd.
33 West Monroe St., Suite 2700
Chicago, IL 60603
 (312) 372-0770
confortig@jbltd.com
buschj@jbltd.com
sandowskin@jbltd.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    */s/ Nicholas A. Sandowski*
Nicholas A. Sandowski #6339625
Attorney for Defendants
Johnson & Bell, Ltd.
33 West Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770
sandowskin@jbltd.com